## MAURICE JOYCE

### V.

## THE EAST ST. LOUIS ELECTRIC STREET RAILWAY COMPANY ET AL.

*Injunctions—Municipal Improvements—Petition for—Bill to Restrain Prosecution of—Real Property—Title to—Estoppel.*

1. By ownership of property, as applied to real estate, is meant title thereto, and title can not be shown by parol; neither is the mere production of a deed to a grantee, standing alone and in and of itself, evidence of title to show that the grantee is the owner of the property therein described.

2. Where a city council acts favorably upon a petition signed by property owners, such owners are estopped from claiming damages occasioned by granting such request, likewise from objecting that the petition was not sufficiently signed.

3. Where a person has influenced a city council to act favorably through so signing, and in consequence a third person has been induced to incur expense and liability through the action of the city council so brought about, such signer can not enjoin the prosecution of the work in question.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

This is a bill for injunction filed by the complainant, alleging that he is a resident of East St. Louis and the owner in fee of real estate fronting on Broadway in said city on which is a building in which he carries on business. He charges that certain defendants, acting under the name and style of The East St. Louis Electric Railway Company, are about to construct, operate and maintain an electric street railroad with double tracks upon said street in front of the premises of complainant, claiming to do so by ordinance 608 of the city of East St. Louis, and alleges that the ordinance is void, because at the time of its passage the city council had not before it, nor had there been filed a petition to the council by the owners of more than one-half of the lands fronting upon that part of

Broadway sought to be used by the railroad company, and charging that the petitions had never been filed with the city clerk, but claiming they were at the time in the hands of H. D. Sexton, one of the persons assuming to act in the name of said company.

The bill charges that when the petitions were subsequently brought to the officers of the city, additions had been made thereto, and they were materially changed after the passing of the ordinance, and as now on file show gross misrepresentations of the land owned by different signers fronting on Broadway, and that some of the petitions are for the construction and operation of a single track road, and the ordinance grants the right to construct a double track, and charges that the owners of the greater part of the land fronting on Broadway were opposed to the construction of the railroad, and the ordinance is a fraud on right guaranteed to them by the statute prohibiting the granting of a right to construct and operate an electric street railroad by a city council without the consent of a majority of such property owners, and avers that the construction of the road would be an irreparable injury to complainant and prays for an injunction. The answer admits complainant is the owner of land fronting on Broadway, but denies the other material allegations of the bill, and alleges that ordinance 608 was passed by the city council upon the petition of the owners of the greater part of the frontage on Broadway, and that the complainant, as owner of the land in the bill described, and of other land fronting on said street, signed the petition to the council for the construction of the road, and avers the East St. Louis Electric Street Railroad Company has complied with all the terms of the ordinance, and purchased material of great value and expended large sums of money in and about the building of the road, and further avers that the suit is not brought in good faith, but in the interest of a rival corporation. A replication was filed, and on hearing, a decree was entered dismissing the bill.

Messrs. G. & G. A. KOERNER, for appellant.

Mr. F. G. COCKRELL, for appellee.

PHILLIPS, P. J. On the hearing, complainant called as a witness an abstracter of title, who testified that he had made an examination to determine the distance on Broadway and Dike avenue, along which the proposed road was to pass, and testifies that from the examination of the records, as shown by his abstract books, (some of which abstracts were made in his absence,) he had determined the ownership of lots fronting on Broadway, and that the time at which the ownership was determined was about the first of May.

He makes a list of property, and the frontage on Broadway, as of about the first of May. Complainant by his counsel introduced in evidence the record of certain deeds, but the record of deeds so offered does not make a clear and connected chain of title to show that the grantees in those deeds are the actual owners thereof. Neither does that evidence show that at the date of signing the petitions and of their presentation to the council, the ownership was in the grantees of the deeds. The evidence shows that the petitions were duly presented to the city council and the council heard objections to the passage of the ordinance, and after due consideration the ordinance was enacted. By ownership of property, as applied to real estate, is meant title thereto, and title can not be shown by parol; neither is the mere production of a deed to a grantee, standing alone and in and of itself, evidence of title to show that the grantee is the owner of the property therein described. The evidence before the court did not show that the ownership of the property was not as alleged in the petitions. The complainant was the owner of certain real estate fronting on Broadway and signed one of the petitions to the city council of East St. Louis, upon which it acted in the adoption of ordinance number 608. That fact is set up in the answer and is shown by the petitions and evidence, and where the city council acts at his request, based on the fact of his ownership of property for such action, so done in accordance with that request, he is estopped from claiming damage. The People v. Goodwin, 5 New York, 573; Kellogg v. Treasurer, 15 Ohio St. 66; City of Burlington v. Gilbert, 31 Iowa, 356.

In the case last cited it is said : " Had the petition not been

signed by the requisite number of property holders, the action of the city upon the petition might not bind those who had not signed the petition. As to them the action of the city in assessing the cost of improvement to their property might be without authority and invalid. Whether it would be so or not we do not decide. But in this case the defendant, Gilbert, with forty-eight others, signed and presented the petition to the city council, asking the improvement to be made that was made, and when the city solicitor reported that the petition was not signed by a sufficient number of property owners it was taken by the petitioners and additional signatures obtained, and again presented to the city council for action thereon. There is no claim that the defendant signed the petition with the understanding that it was to be presented and be bound thereby only after a sufficient number of property owners had signed it. On the other hand, the record shows that the petition, when signed by complainant and forty-eight others, was by them presented to the city council, and that if the petition was not sufficiently signed he knew the fact. And we are of the opinion that after having thus signed and presented the petition to the city council, thereby inducing the city to enter upon the improvement requested in the petition, the defendant is estopped from objecting that his petition was not sufficiently signed. The defendant, by his acts, consented and agreed in writing that the city should make the improvements designated in the petition and assess his property with its due proportion of the cost thereof, and he can not be allowed to repudiate that agreement on the ground that other parties should have entered into the same agreement." While they may not be bound, he is, and when he has influenced the council to act by a petition, and in consequence of this action a third person has been induced to incur expense and liability, he can not be permitted to resort to the extraordinary remedy of injunction to enjoin an act that he has been instrumental in causing. It was not error to dismiss the bill. The decree is affirmed.

*Decree affirmed.*